08-3532-ag
Zhang v. Holder

BIA
Nelson, IJ
A97 663 664

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand ten.

PRESENT:
>           ROSEMARY S. POOLER,
>           ROBERT D. SACK,
>           DEBRA ANN LIVINGSTON,
>                     *Circuit Judges.*

_____

HUI QIN ZHANG, aka QIN HUI,
>           *Petitioner*,

>      v.                                    08-3532-ag
>                                            NAC

ERIC H. HOLDER JR., ATTORNEY GENERAL,[1]
>           *Respondent*.

_____

FOR PETITIONER:        Hui Qin Zhang, *pro se*, New York, New York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General, Janice K. Redfern, Senior Litigation Counsel, Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hui Qin Zhang, a native and citizen of the People's Republic of China, seeks review of a June 17, 2008 order of the BIA, affirming the January 24, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Qin Zhang*, No. A97 663 664 (B.I.A. June 17, 2008), *aff'g* No. A97 663 664 (Immig. Ct. N.Y. City Jan. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's adverse credibility finding and emphasizes certain bases in support thereof as well as supplements it with its own reasoning, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Yun-Zui Guan v.*

2

*Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Because Zhang proceeds *pro se* before the Court, we construe her brief broadly to raise the strongest arguments that it suggests. *See Weixel v. Board of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002).

As an initial matter, because Zhang failed to raise before this Court any challenge to the agency's denial of her CAT claim, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

As to Zhang's asylum and withholding of removal claims, we find that substantial evidence supports the agency's adverse credibility determination. In her brief to this Court, Zhang fails to challenge all but one of the bases of the IJ's adverse credibility finding. Because Zhang has waived any challenge to these findings, they stand as proper bases for the IJ's credibility determination.[2] *See id.*

---

[2] While we are mindful that Zhang appears before the Court *pro se*, even construing broadly her arguments, we cannot find that she has offered any challenge as to

3

As to the single finding Zhang does challenge, we conclude that it is supported by substantial evidence. The IJ reasonably found that Zhang's testimony that her neighbors intervened when Zhang's family was attacked by her fiancee and a group of men was inconsistent with her sister's letter, which stated that no one came to assist the family during the attack. Zhang contends that this inconsistency is due to an error in translation from the Fujian dialect to Standard Chinese to English, and that, while Zhang's sister states in her letter "nobody came to stop them," she "actually means nobody can stop them." However, this is a different explanation than she gave before the BIA. Accordingly, we will not consider it. *See* 8 U.S.C. § 1252(b)(4)(A).

In sum, we find no basis upon which to disturb the IJ's conclusion that Zhang was not credible. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 (2d Cir. 2008). Therefore, the IJ properly denied Zhang's application for asylum and withholding of removal because the only evidence that she would be persecuted depended on her credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

---

these findings. *Cf. Weixel*, 287 F.3d at 145-46.

4

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk